J-A22032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SILVIA SANTO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD BATTERMAN | : | |
| | : | |
| Appellant | : | No. 3350 EDA 2024 |

Appeal from the Order Entered December 6, 2024
In the Court of Common Pleas of Bucks County Domestic Relations at
No(s): 2024DR00154

BEFORE: LAZARUS, P.J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 21, 2025**

Appellant, Chad Batterman, appeals *pro se* from the December 6, 2024, order entered by the Honorable Judge James M. McMaster in the Court of Common Pleas of Bucks County finding Appellant in contempt of court for failure to make child support payments as ordered (*hereinafter* "the December Order"). After careful review, we affirm.

Preliminarily, we note that Appellant filed two appeals close in time, both arising from the underlying support matter before the Honorable Judge McMaster. The first appealed from the November 18, 2024, Order of the trial court denying Appellant's petition for modification of child support and denying his request for *in forma pauperis* status (*hereinafter* "the November Order").

_____

[*] Former Justice specially assigned to the Superior Court.

As Appellant initiated the instant appeal shortly thereafter, the lower court addressed both matters in one Opinion, dated February 3, 2025.

We note that, in his brief, Appellant attempts to do the same. *See* Appellant's Brief at 45 ("As the Trial Court combined Appeals 3258 EDA 2024 and 3350 EDA 2024 as seen in its Opinion. [sic] Appellant for judicial economy is doing same in this Brief"). However, due to the fact that Appellant appealed these orders separately and that he submitted a separate brief in the matter docketed at 3258 EDA 2024, this Court has already affirmed the November Order in a memorandum decision filed May 21, 2025. Thus, insofar as Appellant's brief in the matter *sub judice* addresses the November Order, we will not consider his arguments thereto nor revisit our prior decision.

Furthermore, in our May 21, 2025, memorandum we observed that Appellant's statement of errors complained of relative to the November Order consisted of "five pages [containing] 27 paragraphs in a rambling, incohesive fashion," followed by a brief which was "largely nonsensical and lack[ed] conformity with the Rules of Appellate Procedure." **Santo v. Batterman**, 3258 EDA 2024 (Unpublished Memorandum dated May 21, 2025, at 2); *see also* Pa.R.A.P. 1925(b)(4)(i), (ii), (iv). We lamented "[e]ven applying a liberal construction of the brief due to his self-represented status d[id] not remedy many of the brief's inadequacies, thereby precluding meaningful appellate review." **Id.** at 2-3. Here, we are faced with the same deficiencies in Appellant's instant filings, where Appellant's statement of matters complained

of on appeal addressing the December Order consists of 49 paragraphs and spans eight pages, and the "errors" complained of are remarkably vague and redundant. In response to Appellant's manifestly unwieldy statements of errors complained of on appeal, the trial court reasoned in its Opinion addressing both appeals:

> [W]e believe that Father's appeals comprise of three complaints: (1) our denial of Father's Petition for Modification of Support, (2) our denial of Father's Petition for In Forma Pauperis, and (3) our decision to find Father in contempt.

Trial Court Opinion 2/3/25 at 3.

After careful review, we agree with the assessment of the trial court, and, having addressed Appellant's first and second complaints arising from the November Order in the matter docketed at 3258 EDA 2024, we review only his final complaint here addressing the December Order. However, we observe that Appellant's brief is, again, woefully deficient, "largely nonsensical, and lacking conformity with the Rules of Appellate Procedure" to a degree that precludes meaningful review. What argument we can discern through the mire is entirely without merit.

Therefore, we again find the comprehensive Opinion filed by the Honorable Judge McMaster on February 3, 2025, to constitute a thorough analysis of the issue presented, and we conclude that the December 6, 2024, Order of the trial court should be affirmed. Thus, we affirm on the basis of that Opinion and attach the same hereto.

Order affirmed.

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2025